UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWIN REYES, and<br>JOSE MARTINEZ,<br><br>                    Defendants. | **PROTECTIVE ORDER**<br><br>**22 Cr. 492 (JMF)** |

Upon the application of the United States of America, by Assistant United States Attorneys Courtney Heavey and Jason Swergold, of counsel, and with the consent of the defendants, Edwin Reyes and Jose Martinez, through counsel, for an order limiting the dissemination of certain discovery materials produced in connection with the above-captioned case, which contain sensitive information, it is hereby ORDERED that:

1. **Disclosure Material**.  The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (the "Disclosure Material").  The Disclosure Material will include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. Disclosure Material shall not be disclosed by the defendants or defense counsels, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for the purpose of defending this criminal action.  The defense

shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

3.  **Sensitive Material.** Certain parts of the Disclosure Material are expected to contain information regarding certain undercover law enforcement personnel engaged in ongoing operations (collectively, "Sensitive Material").  Any such material will be stamped or otherwise clearly marked "SENSITIVE" by the Government.  The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

4.  Sensitive Material must be maintained solely in the possession of defense counsels and personnel for whom defense counsels are directly responsible (*i.e.*, employed by or retained by counsel).  Sensitive Material may be reviewed by the defendants only in the presence of counsel, and the defendants may not retain or possess Sensitive Material.

5.  In the event of any dispute as to the Government's designation of particular Disclosure Material as Sensitive, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Sensitive designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Sensitive shall be controlling.

6.  Any party wishing to file Sensitive Material with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The defense may disseminate Disclosure Material that is not Sensitive Material only to the defendants, defense counsels, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsels, independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendant.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from cellphones and social media accounts. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

10. The defense must destroy or return any Disclosure Material at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsels' obligation to retain client files under the Rules of Professional Conduct.

4

11. The Government may authorize, in writing, disclosure of any Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Jason M. Swergold*                                Date:   10/3/22
Courtney Heavey
Jason Swergold
Assistant United States Attorneys

_____                          Date:   10/3/2022
Glen McGorty, Esq.
Kelly Currie, Esq.
Counsel for Edwin Reyes


_____                          Date:   _____
Martin Cohen, Esq.
Counsel for Jose Martinez


SO ORDERED.

Dated: New York, New York
       October ___, 2022

 

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date:   10/3/22
    Courtney Heavey
    Jason Swergold
    Assistant United States Attorneys


_____     Date: _____
Glen McGorty, Esq.
Kelly Currie, Esq.
Counsel for Edwin Reyes


  /s/ Martin Cohen
_____     Date:   10/6/2022
Martin Cohen, Esq.
Counsel for Jose Martinez

SO ORDERED.

Dated: New York, New York
      October 06, 2022

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

5